CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 22 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA   JOHN F. CORCORAN, CLERK
ROANOKE DIVISION                        BY: /s/
                                            DEPUTY CLERK

| | |
|---|---|
| JONATHAN LEE RICHES, ) | Civil Action No. 7:08-cv-00188; 7:08-cv-00189 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| VARIOUS DEFENDANTS. ) | By: Samuel G. Wilson |
| ) | United States District Judge |

Plaintiff Jonathan Lee Riches, a prisoner housed at FCI Williamsburg in Salters, South Carolina and proceeding pro se, filed these motions which the court will construe as actions pursuant to 42 U.S.C. § 1983.[1] As Riches has not submitted the necessary $350.00 filing fee for a civil action, the court will also construe his pleadings as requests to proceed in forma pauperis and deny those requests.

According to court records, Riches has filed well over three previous civil rights complaints which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[2] Therefore, Riches may not proceed with these actions unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Riches has neither prepaid the filing fee nor demonstrated that he is "under imminent danger

---

[1] To the extent Riches attempts to file these motions as petitions for writs of habeas corpus relief, pursuant to 28 U.S.C. § 2241, they fail. The court does not have jurisdiction to consider a petition pursuant to § 2241 because Riches is located in South Carolina. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (the proper venue for a § 2241 petition is the district in which the petitioner is incarcerated). Moreover, it appears that Riches is actually attempting to challenge his conditions of confinement, and therefore, the court will consider his petitions as actions pursuant to 42 U.S.C. § 1983.

[2] See e.g., Riches v. Bureau of Prisons, No. 6:06cv00194 (D.S.C. Mar. 20, 2006); Riches v. Bush, No. 4:06cv00442 (D. S.C. Mar. 22, 2006); Riches v. Doe, No. 1:07cv20042 (S.D. Fla. Jan. 24, 2007); Riches v. Guantanamo Bay, No. 2:07cv13041 (E.D. Mich. Aug. 8, 2007); Riches v. Swartz, No. 7:07cv00379 (W.D. Va. Aug. 13, 2007); Riches v. James, No. 1:07cv02486 (N.D. Oh. Aug. 23, 2007); Riches v. Bonds, No. 3:07cv00375 (N.D. Ind. Aug. 16, 2007); Riches v. Pelosi, No. 3:07cv03695 (N.D. Cal. Aug. 30, 2007); Riches v. Schiavo, No. 8:07cv01644 (M.D. Fla. Sept. 18, 2007); Riches v. Snipes, No. 5:07cv00376 (M.D. Fla. Sept. 24, 2007); Riches v. Simpson, No. 6:07cv01504 (M.D. Fla. Sept. 24, 2007); Riches v. Shiavo, No. 8:07cv01730 (M.D. Fla. Sept. 27, 2007); Riches v. Wal-Mart Stores Inc., No. 4:07cv00780 (E.D. Ark. Oct. 2, 2007); Riches v. Peterson, No. 3:07cv04539 (N.D. Cal. Oct. 3, 2007); Riches v. Craig, No. 1:07cv00538 (D. Del. Oct. 5, 2007); Riches v. Brady v. Maryland, 373 U.S. 83, 8:07cv02666 (D. Md. Oct. 9, 2007); Riches v. Noriega, No. 2:07cv00619 (M.D. Fla. Oct. 17, 2007); Riches v. Trump, No. 3:07cv00478 (D. Nev. Oct. 17, 2007).

of serious physical injury," the court dismisses all of his complaints without prejudice.³

Inmates do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions. Demos v. Keating, 33 F. App'x. 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); In re Vincent, 105 F.3d 943 (4th Cir. 1997). As the court has previously noted, Riches has a history and reputation throughout the federal courts of filing frivolous actions. The United States Court Pacer U.S. Party/Case Index lists Riches as having filed more than 1030 actions in various courts, over 740 of which have been filed since January 1, 2008. The court agrees with several other courts which have found that Riches has no good faith basis for pursuing the litigation and only intends to harass. See Riches v. Simpson, et al., No. 6:07cv1504 (M.D. Fla. Sept. 27, 2004); Riches v. Snicket, No. 3:08cv1 (N.D. W. Va. Feb. 1, 2008); Riches v. JENA 6, No. 07cv1656 (W.D. La. Oct. 24, 2007). Further, Riches excessive filing of frivolous actions has become a burden on this court. Since January 2008, Riches has filed 117 actions in this court. The court repeatedly warned Riches that if he continued to file frivolous actions, the court would have no alternative but to enter a pre-filing injunction against him in order to protect the court. Accordingly, as Riches has continued to file frivolous and abusive actions, the court will issue a pre-filing injunction against Riches. See Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 818 (4th Cir. 2004).

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This 21st day of February, 2008.

United States District Judge

---

³ The court has previously notified Riches that he may not file civil actions in this court unless he either pays the filing fee or demonstrates that he is under imminent danger of serious physical injury. Therefore, the court will not give Riches additional time to pay the filing fee or amend his complaints.